UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) |
| | )  Crim No. 12-10168 |
| TODD M. CORBETT, a/k/a | ) |
| "tmcboston," a/k/a "Todd15" | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through Assistant U.S. Attorney Maxim Grinberg, hereby responds to the defendant's, Todd M. Corbett's, Sentencing Memorandum ("Def.S.Mem.").

On Count 2 of the Indictment charging possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), the government recommends a sentence of imprisonment of 46 months, within the government's agreed upon sentencing range of 41-51 months, to be followed by 120 months of supervised release. Upon sentencing, the government will dismiss Count 1 of the Indictment charging distribution of child pornography in violation of 18 U.S.C. § 2252(a)(1), a charge that carries a 60-month mandatory minimum sentence.

The defendant's lengthy sentencing memorandum recognizes only one victim, the defendant himself. The defendant blames his alcohol and drug addiction for the charges pending against him (Def.S.Mem.5), but draws no plausible relationship between that addiction and his possession and distribution of images and

1

videos depicting rape, some visibly violent, of children.  In the defendant's words, he "began seeking out adult gay pornography" when he felt "lonely, bored, and curious." (Def.S.Mem.7).  He states that he merely "stumbled upon child pornography"; "[h]is first views of it were entirely accidental."  (Id.)  Yet, the defendant had accumulated a library of 2,057 still images and 742 videos depicting child pornography.  (PSR ¶ 15).

One of the rape images on the defendant's computer, disturbingly titled "8y0 Boy Fucked with Reggaeton," depicts a video of an adult male anally raping a boy appearing six to nine years old, with the boy visibly grimacing, distressed, and pushing the male away.  (PSR ¶13).  In his sentencing memorandum, the defendant states that, based on his past experience as the victim of sexual abuse, in watching this video he identified not with the rapist but with the child victim. (Def.S.Mem.9).  To accept the defendant's statement as true, one would have to accept that his watching this brutal rape of a child was a form of justifiable self-therapy--a rationale that is wholly unsupportable.  The defendant ignores that not only did he possess images of child sexual abuse for personal gratification, but that he distributed such images to like-minded individuals through Gigatribe, a file sharing network. The defendant shared these horrific images as though they were

baseball cards.  With every distribution, the defendant inflicted, time and time again, the pain and shame of exploitation upon the victims of rape and sexual abuse depicted in the images.

The suffering experienced by the children depicted in these images is real.   The mother of one such child, who submitted a victim impact statement in connection with this case, writes:

> All those who trade these images and thereby create the demand for lurid and violent depictions of children are participants in the exploitation of my daughter.
>
> . . . . During the time these pictures were being made, she had steadily been falling behind in school.  And not due to any lack of ability . . . And no wonder.  As her classmates learned to read and spell, school their biggest challenge, she had been living in a silent hell, unable to communicate the source of her distress.
>
> Even now, she has so much trouble talking about what happened, I can't even hope to do justice in words to her suffering.  Only a child who has suffered meaningless sadistic torture, for another's idle amusement, could even begin to know.
>
> . . . . And then there's the shadow that still comes over her face if a stranger gives her an unexpected compliment.  The pictures are still out there.
>
> . . . . But now that she's growing older and realizing the extent of the internet, she's also beginning to grasp the darker side of the story— how many people saw those same pictures as something to enjoy rather than abhor.
>
> . . . . If I had my way, each and every image of my daughter's sufferings would be burned.  Then

>she would no longer have to worry about those images being used to further hurt or humiliate [my daughter]. But as it is, there are those who have no shred of decency, and continue to copy and pass on those pictures. Each person who callously passes on those sickening pictures is exposing my daughter to further shame and humiliation. As long as this continues, the pictures will be out there.
>
>. . . . I can find no words to express the fury I feel at those who participate in this evil, or my scorn for any attempt to minimize the responsibility by feeble claims that the crime was "victim-less." My daughter is a real person.
>
>. . . . I asked my daughter what she most wanted to ask of the judge. Her request: "Please, don't let them pretend no-one's getting hurt!"

In response to how his or her life had been affected by "having images of your victimization viewed and downloaded by others," an eighth grader, whose images were found on the defendant's computer, states:

>[I]t makes me feel embarressed (sic) and I doun't (sic) like people haveing (sic) me on the internet.

Similarly, a seventh grader states:

>[M]akes me feal (sic) embarrassed don't really tell any body don't like to talk to police.

Another victim states:

>To think there are pictures being sent all over the country of me is devastating. I am angered that those pictures of me have spread over the Internet and that people think they can take advantage of a child who has already been sinned against. Will someone recognize me someday? Will my girlfriend think something is wrong with me? Will I have a job interview and will they

4

      recognize me?  In a strange way, the distribution
      of pictures makes this a crime that never stops.
      Where and when will this end?

At the end, the defendant attacks the U.S. Sentencing Guidelines as "unreasonabl[y] extreme." (Def.S.Mem.13).  He characterizes his U.S. Guideline Sentencing range of 97-120 months, as calculated by the U.S. Probation Department[1], being "largely driven to an unreasonable extreme" by "the addition of illogical enhancements to the already inflated base offense level." (<u>Id</u>.).  In criticizing his U.S. Sentencing Guideline range, however, the defendant fails to take note that Congress made the crime of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1), punishable by a mandatory minimum term of imprisonment of 60 months.  This Court can take into account that, in passing 18 U.S.C. § 2252(a)(1), Congress viewed distribution of child pornography as a very serious offense.  The government also takes the view that distribution of child pornography is a very serious offense and continues to inflict harm upon the victims depicted in the images.  In this case, the defendant made thousands of child pornography images and hundreds of videos readily accessible to other child pornographers.

---

[1] The U.S. Probation Department correctly added 4 offense levels to the total offense level, because the defendant possessed at least one image depicting sadistic or masochistic conduct. (PSR § 24).  This enhancement is absent in the plea agreement, and the government does not press it at sentencing.

Pursuant to the plea agreement, the government agreed to recommend a sentence of 41-51 months, a significant departure from both the mandatory minimum sentence and the Sentencing Guideline range of 97-120 months.  Given the facts of this case, the government's recommended term of imprisonment of 46 months is reasonable under 18 U.S.C. § 3553(a).

For the reasons stated above, the government respectfully requests the Court to impose a 46-month term of imprisonment, followed by a 120-month of supervised release.  The government also requests forfeiture of the items listed in the plea agreement and in the preliminary order of forfeiture.

```
                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

                         By:  /s/ Maxim Grinberg
                              MAXIM GRINBERG
                              Assistant U.S. Attorney
```

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

```
                              /s/ Maxim Grinberg
                              MAXIM GRINBERG
                              Assistant United States Attorney
```

Date: January 29, 2013