UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.: 1:12-cr-10168

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **MOTION FOR EARLY** |
| V.                        ) | **TERMINATION OF PROBATION** |
| ) | **PURSUANT TO 18 U.S.C. 3564(c)** |
| TODD CORBETT              ) | |

The Defendant Todd Corbett, by and through undersigned counsel in the above captioned matter, hereby moves that this Honorable Court terminate his probation early pursuant to 18 U.S.C. 3583(e)(1) after having completed 4 of 5 years of supervised release that followed a term of incarceration of one year and one day.

As grounds therefore, the Defendant states:

## I. STATEMENT OF THE CASE

On March 30, 2010, Todd Corbett was the subject of a search warrant. He was arrested more than 2 years later on June 12, 2012. On October 31, 2012, Todd Corbett pleaded guilty to one count of child pornography pursuant to 18 U.S.C. 2252 (a)(4)(B). On January 30, 2013, he was sentenced before the Honorable Rya Zobel to one year and one day of incarceration (for which he had already served almost all his time except for several weeks) followed by 60 months of supervised release.

## II. THE LEGAL STANDARD

1

A court may terminate supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice," according to 18 U.S.C. § 3583(e)(1).

The guidelines do, indeed, actually "encourage . . . [courts] to exercise this authority in appropriate cases," particularly noting that a court may impose a longer term of supervised release on a defendant with a drug, alcohol or other addiction, but may then terminate the supervised release term early when a defendant "successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." USSG §5D1.2, cmt. n. 5.

A court may terminate supervised release early even if the statute of conviction originally required a particular term of supervised release. United States v. Spinelle, 41 F.3d 1056, 1069 (6th Cir. 1994); United States v. Gainer, 936 F.Supp. 785, 786 (D. Kan. 1996); United States v. Scott, 362 F. Supp. 2d 982, 984 (N.D. Ill. 2005); United States v. McClister, 2008 WL 153771, *2 (D. Utah 2008);

In fact, in 2003, the Chair of the Judicial Conference Committee on Criminal Law tasked with promulgating a list of criteria for early termination of probation, William Wilkins, Chief Justice of the United States Court of Appeals for the Fourth Circuit Court, actually encouraged it, stating that, "The committee believes that, when the conditions of supervision imposed have been met, and the offender has successfully reintegrated into the community and does not pose a foreseeable risk to public safety in general or to any individual third party, the probation officer should request the court to consider early termination."

Finally, the September 23, 2013 issue of the Federal Probation Journal, cited the results of a study of offenders that suggests that offenders granted early termination under the current policies pose no greater danger to the community than offenders who serve a full term of supervision. Not insignificantly, the results of the study also indicate that while the early termination policy does not, as currently administered, compromise community safety, the attributable cost avoidance is significant.

To be eligible for termination of supervised release the defendant must meet a two-prong test establishing that termination is warranted by (1) "the conduct of the defendant" and (2) "the interest of justice." 18 U.S.C. Section 3583(e)(1).

Although 18 U.S.C. Section 3583(e)(1) refers the Court generally to a consideration of the Section 3553(a) sentencing factors when adjudicating an early termination motion, a more perceptive and pragmatic list of criteria to be applied by the Court in the context of an early termination proceeding is available as provided by the Judicial Conference on Criminal Law chaired by Justice Wilkins in 2003 and comports with the statutory requirements of Section 3553(a).

The criteria promulgated by the committee are:

1. Stable community reintegration (e.g. residence, family, employment);

2. Progressive strides toward supervision objectives and compliance with all conditions of supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g. sexually assaultive, predatory behavior, or domestic violence);

3

5. No recent arrests or convictions (including unresolved pending charges) or ongoing uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index

### III. ARGUMENT
### THE DEFENDANT'S HISTORY OF COMPLIANCE AND NEED FOR MINIMAL SUPERVISION REFLECTS THE TYPE OF CONDUCT CALLED FOR BY SECTION 3583(e)(1) AND
### THE INTEREST OF JUSTICE WILL BE SERVED BY THE EARLY TERMINATION OF THE DEFENDANT'S TERM OF SUPERVISED RELEASE

Todd Corbett positively meets every factor in the criteria that would determine the meriting of an early termination of probation. His encounter with the criminal justice system began when a search warrant was served upon his property more than 7 years ago in March of 2010; he was charged and arrested more than 2 years later on June 12, 2012; and was released from custody and began serving probation in April of 2013.

1. From the time, the police with a warrant first encountered him seven years ago, he has been offense free and also not looked at pornography. (He also had no prior criminal record.)

2. From the time he was first encountered by the police with a warrant seven years ago, he immediately began attending A.A. and has been drug and alcohol free. (In particular, alcohol had previously been a serious problem in his life.)

3. He has been a model probationer during the past 4 years with no violations; has passed the 8 polygraph tests that have been given to him every 6 months; and has passed every drug and alcohol screen.

4. He has maintained steady employment since his release as a corporate travel agent for the Travel and Transport company. This has been a continuation of his long-term stable work history as he previously worked 12 years as a corporate travel agent for the American Express company and additionally for other travel companies. He has a certificate from the Travel Education Center of America where he trained to be a travel agent for almost a year.

5. He has a very stable living situation at his apartment in Arlington; has community support with close ties with his friends and family, particularly his 72-year old mother who lives in Lynn along with his nearby siblings, and

6. He has been classified by the Massachusetts Sex Offender Registry as Level 1, the lowest level of risk.

7. Mr. Corbett has since August of 2013 been very actively engaged in sex offender specific treatment at New England Forensic Associates where he has developed a relapse prevention plan; acquired understanding and empathy for victims; created a porn free environment; and explored both motivating factors and disinhibitors as they relate to his internet offense. His counselor Nancy Dizio, who has 32 years of experience in the assessment and treatment of sex offenders, writes:

> *"Mr. Corbett has demonstrated a high level of motivation in treatment to understand the reasons behind his internet offense and is committed to never re-offending. While in treatment, Mr. Corbett has identified and evaluated the*

> *impact that porn had on his life and today has created a porn-free environment where he lives and works. Mr. Corbett has been committed to his treatment sessions, has passed every polygraph he has taken since being on probation and, in this writer's opinion, no longer requires sex offender specific treatment.*
>
> *"Mr. Corbett is a 49-year old man who has no prior criminal history, works full time, has a stable living situation, and has strong community support from family and friends. I believe that the treatment here at New England Forensic Associates will continue to strengthen his ability to live a safe and healthy life. I do not feel that he is at risk for recurrence of this behavior and I support his request for early termination of probation."* (See Exhibit A attached.)

8. Todd Corbett has reasons why he would like to have his probation terminated now that he is past the 80 percent mark that go beyond wanting to positively move ahead with his life after doing everything he could to be both complaint and make changes during the past 7 years. He is, as stated above, a long-term corporate travel agent who receives free travel vouchers that he has been unable to use for years. This is regrettable as his career in the travel industry would be greatly enhanced if he could travel to all the locations he informs others about.

In light of all the above factors – his compliant record as a probationer for 4 of his 5 years; his long-term record of very active engagement with specific treatment; his 7 years of sobriety; particularly strong work record; and strong community support with family and friends – it is asserted that he has met all criteria for an early termination of probation.

WHEREFORE, the Defendant respectfully requests this Honorable Court grant the within motion pursuant to 18 U.S.C. 3583(e)(1).

Respectfully submitted
Todd Corbett
By his attorney
/s/Peter Elikann
Peter Elikann
Attorney at Law
50 Terminal St., Bldg. 2, Suite 722
Charlestown, Ma. 02108
617/742-9462

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Defendant's Motion through the ECF system, which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 2nd day of May, 2017.

/s/ Peter Elikann
Peter Elikann
